LUDLOW (LANE v.). See Case No. 8,052.

LUDLOW (McSORLAY v.). See Case No. 8,-927.

LUDLOW (WINTER v.). See Case No. 17,-891.

---

## Case No. 8,601.

### In re LUDWIGSON.

[3 Woods, 13.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1876.

BANKRUPTCY—DISCRETION OF COURT—ORDER FOR THE SALE OF REAL PROPERTY.

1. A bankrupt court should not make an order for the sale of real estate returned by the bankrupt, on the ground that the title is in dispute, when the liens upon the property exceed its value.

2. Where the title to one undivided half only of certain real estate returned by the bankrupt is in dispute, the bankrupt court is not authorized by section 5063 of the Revised Statutes to order a sale of the entire property.

3. It is doubtful whether the order, in a summary proceeding, of a bankrupt court directing the sale of real estate returned by the bankrupt, on the sole ground that the title thereto is in dispute, can be considered that due process of law to which the party who disputes the bankrupt's ownership is entitled.

[In review of the action of the district court of the United States for the district of Louisiana.]

The petition was filed by the children of the bankrupt, John H. Ludwigson, for the review of an order of the district court, made by virtue of section 5063 of Revised Statutes, directing a sale of certain real estate returned by the bankrupt on his schedule as a part of his estate. The section referred to provides that "whenever it appears to the satisfaction of the court that the title to any portion of an estate, real or personal, which has come into possession of an assignee, or which is claimed by him, is in dispute, the

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

court may, upon petition of the assignee and after such notice to the claimant, his agent or attorney, as the court shall deem reasonable, order it to be sold, under the direction of the assignee, who shall hold the funds received in place of the estate disposed of, and the proceeds of the sale shall be considered the measure of the value of the property in any suit or controversy between the parties in any court. But this provision shall not prevent the recovery of the property from the possession of the assignee by any proper action commenced at any time before the court orders the sale." Ludwigson, the bankrupt, placed upon his schedule of property surrendered, certain real estate situated in the city of New Orleans. This property was acquired by him during his coverture with his wife, to whom he was married in August, 1850, and who died in 1867. The petitioners in review, the children of Ludwigson, claimed that the said real estate was community property, and that on the death of their mother, the wife of Ludwigson, one undivided half of it descended to them as her heirs. The assignee of Ludwigson on the 17th day of March, 1875, filed a petition in the district court praying for an order to sell said real estate, free of incumbrances. But it having been made to appear that the liens upon the property far exceeded its value, the court refused to make the order prayed for, and dismissed the petition. Afterwards, on April 5, 1876, the assignee filed his petition for the sale of said real estate, on the ground that the petitioners in review had set up a claim to an undivided half thereof, and prayed that the same might be sold as property which was claimed by the assignee and the title whereof was in dispute. The district court, upon this petition, ordered the entire property to be sold. The purpose of this petition is to review this order.

Joseph P. Hornor, for petitioner.
A. Micou, for assignee.

WOODS, Circuit Judge. The order of the district court is erroneous in that it orders a sale of property which is not in dispute. It appears from the petition filed in the district court that the heirs of Mrs. Ludwigson set up title only to the one undivided half of the property in question, and that the title to such undivided half only is in dispute. Yet the order is for the sale of the entire estate. As the order is based on the sole ground of disputed title, the order to sell should be limited to the property in dispute. But should any portion of the property have been ordered to be sold? The same reason which induced the district court to refuse an order to sell the property free of incumbrances, to wit, that the incumbrances largely exceeded the value of the property, and that the general creditors had no interest in having the property sold, ought to have prevailed in this case. The property appears from the

evidence to be worth only $4,000, and the incumbrances are three or four times that sum. The general creditors have no interest in the property, and the assignee no concern in bringing it to sale. And the fact that the title to property is in dispute is a good reason why the court should be slow to order a sale, unless it be absolutely necessary to the proper administration of the bankrupt estate. The power to sell the estate of another simply on the ground that it is claimed by an assignee in bankruptcy, is a highhanded one. Whether a sale ordered by a bankrupt court in a summary proceeding, and solely on the ground that there is a dispute touching title of the property, can be called due process of law is, to my mind, very doubtful. Under this provision of law the claimant may be deprived of the realty of which he is in possession, asserting title simply because another person sets up title thereto. See Greene v. Briggs [Case No. 5,-764]; Hoke v. Henderson, 4 Dev. 15; Taylor v. Porter, 4 Hill, 146; Vanzant v. Waddel, 2 Yerg. 259; Bank of the State v. Cooper, Id. 599; Jones' Heirs v. Perry, 10 Yerg. 59. At all events it seems clear that no court should exercise the power, except in cases of absolute necessity. As in this case there was no reason why the assignee should ask a sale, the general creditors of the estate having no interest in the property, I am of opinion that the order of sale was improvidently made, and ought to be set aside. Ordered accordingly.